"This case comes before the court on defendant’s motion for summary judgment. The plaintiff, while an officer in the United States Army, received an award under 10 U.S.C. § 1124 for a meritorious suggestion that the Army introduce regulatory guides in order-shipping time in the field of logistics. Plaintiff contends that the award, $3,100, was insufficient, and it was the result of the Army’s arbitrary and capricious action and disregard of its own applicable regulations.
"Defendant’s motion for summary judgment has basically ignored the merits and limited itself to the assertion of procedural obstacles to the court’s entertaining plaintiffs claim. First, defendant contends that the statute which authorizes the Secretary to make an award for a suggestion makes the decision to grant an award wholly discretionary with the Secretary and, thus, this court does not have jurisdiction to review the decision. This court, however, has recently determined that it does have jurisdiction to review *438 the action of the Secretary under 10 U.S.C. § 1124 where the plaintiff has been paid an amount for suggestions and where the plaintiff has raised a substantial question to the effect that the award was determined in a manner that was arbitrary, capricious, or in violation of the appropriate regulations. See Griffin v. United States, 215 Ct. Cl. 710 (1978).
"Second, defendant contends that the exhibits it has submitted show that the U.S. Army has not violated its regulations; therefore, plaintiff has not set forth a cause of action within the jurisdiction of this c'ourt. This court, upon consideration of all the submissions, concludes that plaintiff has demonstrated a sufficient question of both law and fact concerning the correct application of the regulations to this case to warrant proceeding on the merits.
"Finally, defendant contends that plaintiffs claim is barred by the doctrine of laches. Plaintiff, after protracted negotiations and rehearings in regard to his suggestions since he had submitted them in 1968, received a final decision on his award on January 16, 1973. On April 11, 1977, he filed his petition in this court, over 4 years after the cause of action accrued. Where delay is found, plaintiff is required to justify this delay. See Gersten v. United States, 176 Ct. Cl. 633, 364 F.2d 850 (1966). Plaintiff asserts that for some time after the final decision, he sent numerous letters to the Army seeking reconsideration. Plaintiff has not substantiated this assertion with any evidence. From November 23, 1974, through February 28, 1975, plaintiff was involved in appealing the decision to the General Accounting Office (GAO). Exhibits show that most of this time was consumed on account of delays in considering his application by the GAO. On April 20, 1976, plaintiff brought suit on this claim in the U.S. District Court for the Northern District of Alabama, but the claim was dismissed on September 28, 1976, for lack of jurisdiction.
"Such activities cannot be presumed to be a complete justification for delay in filing suit in the proper court. See Gersten v. United States, supra. Delay, however, is not the only requirement for establishing the defense of laches; prejudice to the party asserting the defense must be shown. Defendant alleges without the submission of any evidence or affidavits that the delay prevents it from obtaining witnesses and evidence in its defense. Since the plaintiff, *439 however, has sought relief during the period of delay, it cannot be said that the defendant is surprised and unfairly prejudiced by plaintiffs assertion of his claim at this date. Thus, this is even a stronger case than Maxan Dress Corp. v. United States, 126 Ct. Cl. 434, 115 F.Supp. 439 (1953), where 4 years of delay in appealing a contracting officer’s decision was not a bar to asserting the claim where defendant was on notice of a claim. Accordingly, the absence of any showing of prejudice makes it impossible to uphold the defense of laches in this case.
"it is therefore ordered, upon consideration of all of the papers filed by the parties, but without oral argument, that defendant’s motion for summary judgment is denied, and the case is remanded to the Trial Division for further proceedings.”